IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JACOB SWEAT,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHENS COUNTY HOSPITAL FOUNDATION, INC.,<br><br>    Defendant. | Civil Action No.<br> 2:22-CV-234-RWS-JCF<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Jacob Sweat ("Plaintiff" or "Mr. Sweat"), by and through his undersigned counsel, and files this, his Complaint for Damages against Defendant Stephens County Hospital Foundation, Inc. ("Defendant"), and shows the Court as follows:

### NATURE OF COMPLAINT

1. Plaintiff brings this action for damages, and reasonable attorneys' fees against Defendant for violations of his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et. seq.

### JURISDICTION AND VENUE

2. Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331.

3. Defendant does business in this judicial district. Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

4. Mr. Sweat is a citizen of the United States of America and is subject to the jurisdiction of this Court.

5. During the relevant time, Mr. Sweat was employed by Defendant.

6. Defendant is licensed to conduct business in this district.

7. Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this district.

8. Mr. Sweat is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 et seq., in that he had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding his request for FMLA.

9. During all times relevant hereto, Defendant has employed fifty or more employees, within a 75-mile radius of Plaintiff's employment, for the requisite requirements under the FMLA.

10. Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Van Loskoski, at 163 Hospital Drive, Toccoa, GA, 30577.

## FACTUAL ALLEGATIONS

11. Mr. Sweat began working for Defendant in April 2015 as a Paramedic.

12. In June of 2018, the Director of Case Management at the time asked him to apply to be a Discharge Planner.

13. Mr. Sweat applied for the Discharge Planner role in June of 2018.

14. Mr. Sweat was promoted to Discharge Planner.

15. On June 6, 2022, Mr. Sweat's son suffered a catastrophic accident.

16. Mr. Sweat's son is fifteen years old.

17. As part of treatment for this accident, Mr. Sweat's son had to have part of his skull removed and be put on life support.

18. Mr. Sweat's son was in the hospital for fifty-one (51) days.

19. On June 7, 2022, Mr. Sweat called out of work and told Defendant about the accident his son was involved in.

20. Defendant sent Mr. Sweat FMLA paperwork for him to fill out.

21. Mr. Sweat filled out the paperwork and was told that he was approved.

22. Mr. Sweat did not have a supervisor in his department.

23. Mr. Sweat called his two coworkers and informed them he would be out.

24. Mr. Sweat also called Juanita Bolman, a human resources employee who was filling the position temporarily and told Bolman that he was going to be out.

25. In June and July, Mr. Sweat heard from his coworkers that they were swamped with work.

26. Therefore, when Mr. Sweat's son was moved from the ICU to therapy, in early July he requested to work from home to relieve the pressure on his coworkers.

27. Mr. Sweat and his coworkers regularly worked from home when they were on call.

28. Bolman refused Mr. Sweat's request to work from home.

29. At the beginning of August, Mr. Sweat also requested to work part-time.

30. Mr. Sweat's request to work part-time was also rejected by Bolman.

31. However, around August 14, 2022, Bolman called Mr. Sweat back and told him that he could work part time, but that he needed to amend his FMLA leave to be intermittent.

32. Plaintiff submitted the documents for intermittent FMLA leave around August 22, 2022.

33. On September 2, 2022, Mr. Sweat was terminated.

34. Jessica, a new human resources manager, informed Mr. Sweat that he was terminated. Mr. Sweat was also told he would be called back by September 6 to discuss severance.

35. The reason given for Mr. Sweat's termination was lack of work.

36. Mr. Sweat was also told that they were doing away with his position.

37. However, Defendant was hiring many people when Mr. Sweat was terminated.

38. After Mr. Sweat was terminated, Defendant posted his job online.

39. Although the name of the position was changed, the job duties were the exact same.

40. Mr. Sweat called to have an extension granted to his request and was told that he would hear back on September 6, 2022.

41. However, Mr. Sweat did not hear back on September 6, 2022, so he called Defendant on Wednesday, September 7, 2022.

42. Mr. Sweat reached Human Resources.

43. The Human Resources assistant apologized that no one had reached out and told Mr. Sweat that they had been very busy with new hire orientation.

44. On or around September 9, 2022, Mr. Sweat met with Defendant.

45. In that meeting, Defendant's CEO, Van Loskoski, told Mr. Sweat that they were going to hire a social worker to do his job.

46. Mr. Sweat was able to perform all his job duties but was sometimes required to get the signature of a social worker or nurse.

47. Mr. Sweat never had a problem obtaining such a signature when he needed it.

48. Loskoski also told Mr. Sweat that he had not had any performance problems.

49. Loskoski gave Mr. Sweat a severance agreement in that meeting.

50. Loskoski asked Mr. Sweat to sign it immediately.

51. Mr. Sweat asked if he could transfer to another position.

52. Loskoski replied that he could reapply for any open positions online but that he was not going to be allowed to transfer.

53. Mr. Sweat was the only person in the department who was terminated.

## COUNTS

### COUNT I: FMLA INTERFERENCE

54. Plaintiff re-alleges paragraphs 11-53 as if fully set forth herein.

55. Defendant is an 'employer' as defined by the FMLA.

56. Plaintiff was an eligible employee under the FMLA.

57. Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA.

58. Plaintiff was employed by Defendant for more than 12 months.

59. Plaintiff was employed by Defendant at a worksite where there were 50 more employees within a 75-mile radius.

60. Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

61. Plaintiff's son had a medical condition that required Plaintiff to take time off work.

62. Defendant received notice of Plaintiff's need for protected medical leave for his son's medical condition on or about June 7, 2022.

63. Defendant terminated Plaintiff's employment soon after he requested intermittent FMLA leave and before his original FMLA leave was due to end.

64. Defendant terminated Plaintiff's employment as a result of his requests for medical leave, and/or to avoid having to accommodate Plaintiff's respective right to protected medical leave.

65. Defendant interfered with rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

66. The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement

66. benefits, social security, and other benefits due to him solely because of his right to leave under the FMLA.

67. As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

### COUNT II: FMLA RETALIATOIN

68. Plaintiff re-alleges paragraphs 11 – 53 as if fully set forth herein.

69. Defendant terminated Plaintiff's employment as a result of his requests for medical leave, and/or to avoid having to accommodate Plaintiff's respective right to protected medical leave.

70. The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to him solely because of his right to leave under the FMLA.

71. As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(b) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein, and

(h) All other relief to which he may be entitled.

Respectfully submitted the 29th day of November, 2022.

**BARRETT & FARAHANY**

*s/ Ianna O. Richardson*
Ianna O. Richardson
Bar No. 655153

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
ianna@justiceatwork.com

*Attorney for Jacob Sweat*